UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS H. MANN, et al., individually and on behalf of PARAMUS MALL CHEVROLET-GEO, INC. AND PARAMUS HUMMER, LLC<br><br>        **Plaintiff,**<br><br>v.<br><br>THE ESTATE OF EUGENE C. MEYERS, ET AL.,<br><br>        **Defendants.** | Civ. No. 11-1679<br><br>(KM)(SCM)<br><br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    This Court entered an Opinion and Order (ECF Nos. 109 and 110) in this case on November 21, 2014 deciding several motions and cross motions for summary judgment. That Order and Opinion ruled in favor of the plaintiff on certain issues, and against him on others. The plaintiff, Thomas H. Mann, has now filed a motion for reconsideration with respect to two of the Court's determinations: (1) The Court's decision to deny preclusive effect to an arbitrator's decision that defendant PAM wrongfully withheld profits from shareholders in 2010; and (2) The Court's decision to deny preclusive effect to the arbitrator's valuation of the Hummer franchise, at least pending the result of a state court appeal. Mann's motion for reconsideration will be denied.

## DISCUSSION

The factual background of this case and the reasons for the Court's decision are explained in detail in the Opinion.[1] Because I write for the parties, I do not summarize them here.

As noted in the Opinion, another shareholder of PAM, Ronald Barna, brought an action asserting claims similar to those asserted by Mann here. Barna obtained an arbitration award, which was confirmed by the New Jersey Superior Court, Law Division, a decision that is currently on appeal. That confirmed arbitration award is the basis for Mann's applications to preclude the Estate Defendants[2] from litigating certain issues here.

Local Rule 7.1(i) governs motions for reconsideration. Such a motion must specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Reconsideration is granted sparingly, and only in three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 U.S. Dist. LEXIS 11742 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*,

---

[1] Citations to the record will be abbreviated as follows:

"Complaint" – Second Amended Complaint and Jury Demand, ECF No. 41.
"Mot." – Plaintiff, Thomas H. Mann's Brief in Support of Motion for Partial
    Reconsideration of the Court's November 21, 2014 Order, ECF No. 113.
"Opinion" – Opinion dated November 21, 2014, ECF No. 10.
"Opp." – Estate Defendants' Brief in Opposition to Motion for Reconsideration, ECF No.
    119.

[2] The Estate Defendants consist of the Estate of Eugene C. Meyers; the Eugene C. Meyers Revocable Trust, and Melody Paton as Executrix and Trustee.

2

99 F.R.D. 99, 101 (E.D.Va. 1983)). The considerations that Mann has raised do not warrant a change to the Court's ruling.

### I. 2010 profit distribution

In my November 2014 decision, I denied collateral estoppel effect to the arbitrator's ruling on the 2010 profit distribution (or bonuses). It was clear that the arbitrator had decided that issue. Nevertheless, Mann's complaint, in *this* action, does not assert an analogous claim. Because the issues in the prior arbitration and in this lawsuit are not "identical," they fail to meet the basic test for application of collateral estoppel.[3]

Mann's complaint in this action does not assert a claim that the 2010 bonuses were wrongfully withheld. As the earlier Opinion noted, the complaint generally requests, in its prayer for relief, "all bonuses and company profits wrongfully withheld him by Meyers, Paramus Chevrolet, and Paramus Hummer." (Opinion, 15). But, as the Opinion explained, that is a general demand, not a factual allegation: the Complaint does not specifically allege "that Paton or PAM wrongfully withheld profits, in 2010 or at other times, in order to retaliate against Barna." (Opinion, 15).

In his motion for reconsideration, Mann points to two additional passages in the Complaint. These, he says, sufficiently state a claim that PAM wrongfully withheld profits in 2010. He refers to Count Two, which asserts that "the actions of defendant, Meyers, constitute unlawful conduct, mismanagement of Paramus Chevrolet, abuse of authority, ultra virus [*sic*]

---

[3] In New Jersey, a party seeking to invoke preclusion must show that:
(1) the issue to be precluded is identical to the issue decided in the prior proceeding;
(2) the issue was actually litigated in the prior proceeding;
(3) the court in the prior proceeding issued a final judgment on the merits;
(4) the determination of the issue was essential to the prior judgment; and
(5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Winters v. N. Hudson Reg'l Fire & Rescue*, 50 A.3d 649, 659 (N.J. 2012)

3

acts, misfeasance and malfeasance, oppression and unfairness towards Mann. The defendants' scheme has harmed the investment of plaintiff, Mann." (Complaint, ¶ 89). Mann refers also to Count Six, which alleges that Meyers "depriv[ed] Mann of his rights to his rightful share of the profits of the entities, and using these entities, and using these entities for his personal benefit and for the benefit of third parties in complete disregard of Mann and the minority owners." (Complaint, ¶ 101).

These allegedly "neglected" statements make no difference. Alone or together, they come nowhere near stating a claim that PAM wrongfully refused to distribute profits in 2010—let alone that it did so to retaliate against Barna or anyone. The complaint makes no mention of the 2010 profit distribution. It makes no mention of PAM's use of the 2010 profits to make a loan to the Meyers estate. It likewise makes no mention of Melody Paton's misrepresentation to PAM shareholders that the company would instead use the profits to comply with a GM mandate that dealerships improve their facilities. A court or a defendant reading these generalized accusations—it is hard to even call them allegations—would get no notion of the factual grounds for Mann's claim. The reader could not even glean that it was the 2010 bonus money that Mann was demanding. Such statements lack the specificity required to state a claim for relief. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that Fed. R. Civ. P. 8(a)(2) requires that the complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests." (internal quotations and alterations omitted)). While it is certainly true that a Complaint need not provide "detailed factual allegations," it does require "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The Complaint here does not meet the basic requirement of stating facts with respect to the 2010 bonus claim.

Mann's reconsideration motion also builds on the arbitrator's conclusion that Paton had withheld profits to retaliate against Barna. Mann takes issue with the Court's remark in its November 2014 Opinion, that this finding was "to some degree, unique to Barna." (Opinion, 14-15). In Mann's view, although

4

Paton's motive may have been specific to Barna, her conduct was unlawful with respect to all PAM shareholders. (Motion, 4-7). Therefore, the argument runs, the arbitrator's ruling as to Barna should apply to Mann here, via collateral estoppel. That, I think, is a non sequitur. The problem never was with the interpretation of the arbitration ruling; the problem is at this end. Mann's Complaint in *this* action says nothing about the withholding of the 2010 bonuses, and certainly does not allege they were withheld as an act of retaliation against Barna. Because Mann does not, in *this* action, assert a claim with respect to the 2010 bonus, there is nothing for the preclusion doctrines to preclude. The deficiencies in the Complaint are, alone, enough to rule out issue preclusion.

As to the 2010 bonus issue, the motion for reconsideration will be DENIED.

## II.   Valuation of the Hummer Franchise

Mann also asks the Court to reconsider its decision with respect to the valuation of the Hummer franchise at the time of the transfer. In Barna's action, the arbitrator found that the transfer of the Hummer franchise constituted misappropriation of a corporate asset. In my November 2014 Opinion, I examined the factors governing offensive collateral estoppel, and ruled that the arbitrator's decision precluded the Estate Defendants from arguing to the contrary vis-à-vis Mann. (Opinion, 17).

More specifically, I gave preclusive effect to the ruling of the arbitrator, identified as Ruling no. 1 and summarized in my Opinion as follows:

> (1) With respect to the moving of the Hummer franchise (*see* Section II.B.1, supra), Judge Keefe found that General Motors had, in fact, granted the Hummer franchise to PAM, not to Meyers. Because the franchise was the property of PAM, transferring it to another corporation without compensating PAM constituted misappropriation of a corporate asset and oppression of PAM's minority shareholders. *See* Interim Award, 16. At the time that Meyers misappropriated the Hummer franchise from PAM, Barna had owned a 19.277% interest in PAM. *Id.* Judge Keefe therefore ordered that Barna be awarded

> 19.277% of the value of the Hummer franchise as of the date it was transferred to Mahwhah Hummer. *Id.* at 16-17. He ordered an accountant to perform a valuation of the franchise. *Id.* at 17.

(Opinion, 12)

So far, Mann obviously has no objection. My Opinion, however, stopped short of granting the full relief he requests. The dispute revolves around the valuation phase of the arbitration:

> Part of the arbitrator's decision ordered the Estate defendants to pay Barna approximately 19% of the value of the Hummer franchise as of the date it was transferred out of PAM. *See* Interim Award, 16-17. The decision provided that the value of the franchise as of that date, January 1, 2007, would be estimated by a valuation expert, and evaluated by the arbitrator. *Id.* at 17. That valuation was subsequently performed. The arbitrator issued a final award incorporating the valuation, and that award was confirmed by the New Jersey Superior Court. *See* 104-1, Exhs. A, B.

(Opinion, 7)

Mann asks that the Court give preclusive effect to: (a) the portion of the Interim Award that stated that Mann (like Barna) was entitled to a share of the Hummer franchise's value in proportion to his ownership interest in PAM; (b) the dollar amount of the arbitrator's valuation of the Hummer franchise.

As to (a), it is implicit in my earlier ruling that the Estate Defendants are liable to Mann, as they are to Barna, for a proportionate share of the value of the Hummer franchise. That proportionate share corresponds to Mann's ownership percentage of PAM, some 9.638% (Mot., 3).

As to (b), in general the dollar valuation, too, would extend to Mann's case via offensive collateral estoppel. The Estate Defendants had a full and fair opportunity to arbitrate the issue as to Barna, and it makes no sense that the Hummer franchise could have one value as to Barna, but another as to Mann. But my Opinion noted that the valuation issues (and therefore the value of Mann's share) would soon be the subject of an appeal. That appeal, I am informed, was filed on October 24, 2014, and there is a briefing schedule.

(Opp., 7 n.2). It is possible that the basis for the arbitrator's award to Barna or the amount of the valuation could be overturned or modified by the State appeals court. If so, then any amount I awarded now would have to be unwound and perhaps redistributed. In my earlier Opinion, I therefore withheld final decision as to the valuation amount.

I adhere to that ruling. Once the issue of the valuation of the Hummer franchise has been finally resolved and confirmed in state court, Mann may file a simple motion to fix the value of his share. In the meantime, I exercise my discretion and decline to give collateral estoppel effect to the valuation unless and until it is confirmed on appeal.

## CONCLUSION

The motion for reconsideration will be denied. As to the valuation aspect, however, that denial is without prejudice to a later application after resolution of the state-court appeal. A separate order will issue.

Dated: March 11, 2015
Newark, New Jersey

                                      _____
                                      HON. KEVIN MCNULTY
                                      United States District Judge